IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SIRIOMA WIJEGOONAWARDENA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v.  ) | Case No. 1:07-CV-00999-JR |
| ) | |
| CENTRAL PARKING SYSTEM OF ) | |
| VIRGINIA, INC. ) | |
| d/b/a CENTRAL PARKING SYSTEM, ) | |
| ) | |
| Defendant.  ) | |
| ) | |

## ANSWER

Defendant, Central Parking System of Virginia, Inc., through its undersigned counsel, hereby files its Answer to Plaintiff's Complaint. Defendant denies that it acted unlawfully and denies that Plaintiff is entitled to any of the relief requested.

### Parties

1. Answering the first sentence of paragraph 1, Defendant states that it is without sufficient knowledge or information to form a belief as to the truth of, and on that basis denies, the first sentence of paragraph 1. Defendant admits the second sentence of paragraph 1.

2. Answering paragraph 2, Defendant denies it is incorporated in Tennessee. Defendant avers that it is incorporated in the District of Columbia.

### Jurisdiction

3. Answering paragraph 3, Defendant states that paragraph 3 alleges a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of paragraph 3.

## Count I  Failure To Proper Overtime

4. Answering the first sentence of paragraph 4, Defendant admits that, during the years 2004, 2005, 2006, and 2007 it "engaged in the provision of parking services" in the District of Columbia, to the extent it understands this allegation.  Answering the second and third sentences of paragraph 4, Defendant states that these sentences allege legal conclusions to which no response is required.  Except as expressly admitted, Defendant denies the allegations of paragraph 4.

5. Answering paragraph 5 of the Complaint, Defendant admits that it currently employs Plaintiff and that it or its predecessor employed Plaintiff during the period of 1997 through the present.  Except as expressly admitted, Defendant denies the allegations of paragraph 5.

6. Answering paragraph 6, Defendant states that paragraph 6 alleges a legal conclusion to which no response is required. Except as expressly admitted, Defendant denies the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Answering paragraph 12, the allegations of paragraph 12 state legal conclusions to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations of paragraph 12.  Defendant admits that it complies with the Federal Fair Labor Standards Act.  Except as expressly admitted, Defendant denies the allegations of paragraph 12.

DC1 30205748.1

13. Defendant denies the allegations of paragraph 13.

14. Answering the first sentence of paragraph 14, Defendant denies the allegations of the first sentence of paragraph 14. Answering the second sentence of paragraph 14, Defendant admits that Plaintiff seeks liquidated damages, but denies that Plaintiff is entitled to liquidated damages. Except as expressly admitted, Defendant denies the allegations of paragraph 14.

### Count II  Age Discrimination

15. Answering paragraph 15 of the Complaint, Defendant incorporates by reference its responses to the allegations contained in paragraphs 1 through 14 of the Complaint.

16. Answering paragraph 16, Defendant admits that the allegations of paragraph 16 speak for themselves. Defendant further states that paragraph 16 contains legal conclusions to which no response is required. Except as expressly admitted, Defendant denies the allegations of paragraph 16.

17. Answering paragraph 17, Defendant states that paragraph 17 alleges a legal conclusion to which no response is required. To the extent a response is deemed required, Defendant denies the allegations of paragraph 17.

18. Defendant admits the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies that Plaintiff is entitled to judgment or any relief or damages requested, including the relief and damages requested in the "Wherefore" clause on page 4 and 5 of the Complaint. Defendant denies the allegations of the "Wherefore" clause on pages 4 and 5 of the Complaint.

## JURY DEMANDED

28. Answering the separately titled Jury Demand portion of the Complaint, Plaintiff's jury demand does not require a response. To the extent a response is deemed required, Defendant denies the allegations of the jury demand and denies that Plaintiff is entitled to a jury trial on all items of relief requested.

29. All allegations not heretofore admitted or denied are specifically and fully denied.

## AFFIRMATIVE DEFENSES

By pleading the following as Affirmative Defenses, Defendant does not concede that each of the matters covered by the numbered defenses is to be proven by Defendant, and Defendant reserves its position that Plaintiff retains the burden of proof on all matters necessary to state the claims asserted in the Complaint and to establish his alleged damages.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims, or some of them, are barred by the applicable statutes of limitations.

## THIRD AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any failure to pay wages/overtime; furthermore Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant or to prevent harm otherwise.

## FOURTH AFFIRMATIVE DEFENSE

If Plaintiff was entitled to overtime and not paid overtime he was owed, Defendant did not know Plaintiff was working overtime and Defendant did not willfully fail to pay Plaintiff overtime.  Further, Plaintiff's claims are barred to the extent he seeks compensation for overtime earned more than two years prior to the filing of the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, Plaintiff's own conduct, omissions and/or negligence bars his recovery.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claim against Defendant for liquidated damages is barred because Defendant acted in good faith and/or had reasonable grounds for believing that its conduct was not violative of the Fair Labor Standards Act, the District of Columbia Wage Act or any other statute or other provision.

## SEVENTH AFFIRMATIVE DEFENSE

Even if Plaintiff was entitled to overtime and not paid overtime he was owed for hours over forty in a workweek, Plaintiff was properly compensated because, *inter alia*, such hours did not constitute compensable time.

5

**EIGHTH AFFIRMATIVE DEFENSE**

Upon information and belief, Plaintiff's claims are barred, in whole and/or in part, by the doctrines of laches, estoppel, unclean hands, fraud and/or waiver.

**NINTH AFFIRMATIVE DEFENSE**

Any actions taken by Defendant toward Plaintiff were taken for legitimate business reasons not in violation of the District of Columbia Human Rights Act, or any other statute or other provision.

**TENTH AFFIRMATIVE DEFENSE**

Upon information and belief, all or a portion of Plaintiff's claims are barred for failure to mitigate damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant expressly denies that any of its employees, officers, or agents acted in any manner that would constitute a violation of the District of Columbia Human Rights Act, or any other statute or other provision; however, if Plaintiff's rights were violated, any such violation occurred outside the scope of employment and without the consent of Defendant. Defendant did not and does not authorize, condone, ratify or tolerate violations of the District of Columbia Human Rights Act, or any other statute or other provision, but instead prohibited and prohibits it, and any such conduct may not be attributed to Defendant through principles of agency, respondeat superior or otherwise.

Defendant specifically reserves the right to amend this Answer by adding additional affirmative defenses as additional investigation, discovery and circumstances may warrant.

WHEREFORE, Defendant prays that:

1. Plaintiff's Complaint be dismissed with prejudice in its entirety and that judgment be entered in favor of Defendant;

2. Plaintiff take nothing by his Complaint;

3. The Court deny Plaintiff his requested relief;

4. The Court award Defendant its costs and attorneys' fees; and

5. The Court award Defendant such further relief as it deems just and proper.

Respectfully submitted,

CENTRAL PARKING SYSTEM OF
VIRGINIA, INC.


By:   /s/ David M. Burns
David M. Burns, Bar # 466167
SEYFARTH SHAW LLP
815 Connecticut Avenue, N.W., Suite 500
Washington, DC 20006-4004
(202) 463-2400
(202) 828-5393 (facsimile)

Dated: August 10, 2007                    Attorneys for Defendant